# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLIVE HAMILTON,

    Defendant.

Case No. 02-40157-03-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Clive Anthony Hamilton's Motion to Vacate, Set Aside, or Correct his conviction and sentence pursuant to 28 U.S.C. § 2255 (Doc. 1091). For the reasons explained below, the Court dismisses Hamilton's motion as an unauthorized second or successive § 2255 motion.

**I.    Background**

Clive Anthony Hamilton was found guilty by a jury of conspiracy to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 846 and sentenced in August 2007 to 360 months' imprisonment.[1] Hamilton's conviction and sentence were affirmed on direct appeal.[2] Hamilton filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255, which this Court denied.[3] The Tenth Circuit Court of Appeals dismissed the appeal and denied Hamilton a certificate of appealablity.[4]

---

[1] Docs. 482, 745. Hamilton's sentence was subsequently reduced to 292 months' imprisonment based on a Guideline sentencing range that was lowered and made retroactive by the United States Sentencing Commission. Doc. 1080.

[2] *United States v. Hamilton*, 587 F.3d 1199 (10th Cir. 2009).

[3] Doc. 1028.

[4] *United States v. Hamilton*, 488 F. App'x 324 (2012).

Hamilton subsequently sought authorization from the Tenth Circuit to file a second or successive § 2255 motion to set vacate, set aside, or correct his conviction and sentence.[5] Hamilton wanted to raise three claims in his new § 2255: (1) "Sentencing counsel was ineffective for allowing the District Court to use the wrong amount when calculating money to drugs"; (2) "Trial counsel was ineffective for having me claim the seized currency in the amount of $852,000"; and (3) "Sentencing counsel was ineffective for allowing the Court to deny me my right to allocute."[6] Hamilton argued these purported claims are based on newly discovered evidence under § 2255(h)(1), and that he did not discover the new evidence until a fellow inmate explained it to him in October 2018.[7] He claimed this evidence was not available to him because he lacked the skills to read and understand the law.[8] Hamilton admitted however, that these are newly discovered *claims*, not evidence.[9] Accordingly, on February 5, 2019, the Tenth Circuit found that Hamilton failed to make the prima facie showing to satisfy the gatekeeping requirements of § 2255(h) and denied his request for authorization.[10]

Undeterred, on March 11, 2019, Hamilton filed the § 2255 motion presently before this Court.[11]

## II. Discussion

Hamilton raises two claims in his § 2255 motion: (1) he is actually innocent of the amount of marijuana attributed to him because the Court used an incorrect conversion formula

---

[5]Doc. 1089.
[6]*Id.* at 2.
[7]*Id.*
[8]*Id.*
[9]*Id.* at 2–3.
[10]*Id.* at 3.
[11]Docs. 1091, 1092.

2

when it converted the cash to drugs to determine his sentence; and (2) he is actually innocent of the criminal history category assessed to him because he was not on probation when he committed his conspiracy offense.[12] Although filed nearly twelve years after his conviction, Hamilton asserts that his motion is timely under § 2255(f)(4), which requires a motion to be filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Hamilton argues he did not discover the facts or a recent Supreme Court case until October 2018, when a fellow inmate took the time to explain them to him.[13]

Hamilton fails to address, however, that this is his second § 2255 motion, which he filed without the requisite authorization from the Tenth Circuit. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to § 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion.[14] Because Hamilton's second or successive motion under § 2255 was filed without the requisite authorization from the Tenth Circuit, the Court should determine whether it is in the interest of justice to transfer to the Tenth Circuit under 28 U.S.C. § 1631 or dismiss the motion for lack of jurisdiction.[15]

A second or successive § 2255 motion may be authorized only if it relies on (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or (2) "a new rule of constitutional law, made

---

[12]Doc. 1092 at 2–3.

[13]*Id.* at 3.

[14]28 U.S.C. §§ 2244(b)(3), 2255(h).

[15]*See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

3

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[16] Like the motion for authorization recently denied by the Tenth Circuit, Hamilton's present motion does not raise newly discovered *evidence*, but rather, newly discovered *claims*. Accordingly, he does not meet the requirement for relief under § 2255(h)(1).

Hamilton cites the 2018 Supreme Court decision in *Rosales-Mireles v. United States*, which arose in the context of a Fed. R. Crim. P. 52(b) motion alleging an error in calculating the defendant's Guideline sentencing range.[17] The Court clarified that "in the ordinary case," even when not raised at sentencing and first raised on appeal, a plain error or miscalculation of a Guideline sentencing range that affects a defendant's substantial rights will call for a court of appeals to vacate the sentence for recalculation.[18] However, *Rosales-Mireles* does not establish a new rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court, and thus Hamilton does not meet the requirement for relief under § 2255(h)(2).[19]

The Court therefore finds that it is not in the interest of justice to transfer this claim to the Tenth Circuit, and Hamilton's motion is dismissed for lack of jurisdiction. The Court further finds that a certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[20]

---

[16] 28 U.S.C. § 2255(h).

[17] 138 S. Ct. 1897 (2018).

[18] *Id.*

[19] *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal") (internal quotation marks omitted); *United States v. Frady*, 456 U.S. 152, 164 (1982) ("Because it was intended for use on direct appeal, however, the 'plain error' standard is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected.").

[20] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Clive Anthony Hamilton's Motion to Vacate, Set Aside, or Correct his conviction and sentence pursuant to 28 U.S.C. § 2255 (Doc. 1091) is **dismissed** as an unauthorized second or successive motion. Hamilton is also denied a certificate of appealability.

**IT IS SO ORDERED.**

Dated: May 17, 2019

                                                    S/ Julie A. Robinson
                                                  JULIE A. ROBINSON
                                                  UNITED STATES DISTRICT JUDGE