**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

  **Plaintiff,**

  **v.**                                                    **Case No. 02-40157-03-JAR**

**CLIVE ANTHONY HAMILTON,**

  **Defendant.**

## MEMORANDUM AND ORDER

This matter comes before the Court upon consideration of Defendant Clive Anthony Hamilton's *pro se* Motion for Sentencing Modification (Doc. 1094), seeking immediate release under *United States v. Holloway*.[1]  The government has responded.[2]  For the reasons discussed below, the Court construes Defendant's request as a motion to modify sentence under 18 U.S.C. § 3582(c) and dismisses for lack of jurisdiction.

**I.      Procedural Background**

Defendant Hamilton was found guilty by a jury of conspiracy to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 846 and sentenced in August 2007 to 360 months' imprisonment.[3]  Hamilton's conviction and sentence were affirmed on direct appeal.[4]  Hamilton filed a motion to vacate, set aside, or correct his conviction and sentence

---

[1]68 F. Supp. 3d 310 (E.D.N.Y. 2014).

[2]Doc. 1097.

[3]Docs. 482, 745.  Hamilton's sentence was subsequently reduced to 292 months' imprisonment based on a Guidelines sentencing range that was lowered and made retroactive by the United States Sentencing Commission. Doc. 1080.

[4]*United States v. Hamilton*, 587 F.3d 1199 (10th Cir. 2009).

pursuant to 28 U.S.C. § 2255, which this Court denied.[5]  The Tenth Circuit Court of Appeals dismissed the appeal and denied Hamilton a certificate of appealablity.[6]

Hamilton subsequently sought authorization from the Tenth Circuit to file a second or successive § 2255 motion to set vacate, set aside, or correct his conviction and sentence.[7] Hamilton wanted to raise three claims in his second or successive § 2255 motion: (1) "Sentencing counsel was ineffective for allowing the District Court to use the wrong amount when calculating money to drugs"; (2) "Trial counsel was ineffective for having me claim the seized currency in the amount of $852,000"; and (3) "Sentencing counsel was ineffective for allowing the Court to deny me my right to allocute."[8]  Hamilton argued these purported claims were based on newly discovered evidence under § 2255(h)(1), and that he did not discover the new evidence until a fellow inmate explained it to him in October 2018.[9]  He claimed this evidence was not available to him because he lacked the skills to read and understand the law.[10] Hamilton admitted however, that these were newly discovered *claims*, not evidence.[11] Accordingly, on February 5, 2019, the Tenth Circuit found that Hamilton failed to make the prima facie showing to satisfy the gatekeeping requirements of § 2255(h) and denied his request for authorization.[12]

---

[5]Doc. 1028.

[6]*United States v. Hamilton*, 488 F. App'x 324 (10th Cir. 2012).

[7]Doc. 1089.

[8]*Id.* at 2.

[9]*Id.*

[10]*Id.*

[11]*Id.* at 2–3.

[12]*Id.* at 3.

Undeterred, on March 11, 2019, Hamilton filed a second or successive § 2255 motion before this Court, arguing: (1) he is actually innocent of the amount of marijuana attributed to him because the Court used an incorrect formula when it converted the cash to drugs to determine his sentence; and (2) he is actually innocent of the criminal history category attributed to him because he was not on probation when he committed his conspiracy offense.[13] This Court found that it was not in the interest of justice to transfer Hamilton's claim to the Tenth Circuit, dismissed Hamilton's motion for lack of jurisdiction, and denied a certificate of appealability.[14]

## II. Discussion

Hamilton now moves for a sentence reduction in light of the decision in *United States v. Holloway*.[15] In that case, the United States District Court for the Eastern District of New York recognized the excessive nature of the defendant's mandatory minimum sentence of fifty-seven years for three convictions under 18 U.S.C. § 924(c), and called on the United States Attorney's Office to agree to an order vacating two of the defendant's three § 924(c) convictions so that the defendant could face a "more just resentencing."[16] The United States Attorney's Office agreed to the court's vacatur of two of the § 924(c) convictions and the court proceeded to resentence the defendant on the remaining § 924(c) count.[17]

Thus, "the government's agreement to a reduced sentence is a threshold requirement" for application of the so-called "*Holloway* doctrine."[18] In its response to Hamilton's motion, the

---

[13] Doc. 1092 at 2–3.

[14] Doc. 1093.

[15] 68 F. Supp. 3d 310 (E.D.N.Y. 2014).

[16] *Id.* at 314.

[17] *Id.* at 311.

[18] *See United States v. Espino*, No. 03-20051-08-JWL, 2019 WL 858735, at *1 (D. Kan. Feb. 22, 2019) (collecting cases).

government expressly declines to agree to a sentence reduction after concluding that any such reduction would not be appropriate under the circumstances of this case. Without that consent, relief under *Holloway* is not available.

Nor does the Court find any reason to encourage the government to consent to a sentence reduction in this case. Hamilton asserts that he was incorrectly sentenced because this Court "adopted the wrong method for converting cash to drug equivalency."[19] However, several iterations of Hamilton's claim that his sentence was incorrectly calculated have been raised before and ultimately rejected by the United States Probation Office, the Tenth Circuit, and this Court.[20] As the government points out, testimony at trial showed that Hamilton was a leading member of a family drug organization that distributed substantial amounts of drugs. Despite his assertion that his sentence was "twice as harsh as the main conspirator,"[21] Hamilton fails to acknowledge that the codefendant to whom he refers pleaded guilty, accepted responsibility for his actions, and cooperated with the government.[22] In considering its obligation to "do justice" in this case, the government notes Hamilton's previous sentence reduction of more than five years as well as his role in the offense and failure to accept responsibility for his actions. Under these circumstances, the Court finds the government has reasonably declined to consent to relief under *Holloway*.

---

[19]Doc. 1094 at 2.

[20]*See* Presentence Investigation Report ¶¶ 132–35; *United States v. Hamilton*, 587 F.3d 1099, 1219–22 (10th Cir. 2009); Docs. 1089, 1093.

[21]Doc. 1094 at 1.

[22]Docs. 437, 798.

In view of Hamilton's *pro se* status,[23] the Court construes his filing as a motion for reduction of sentence under 18 U.S.C. § 3582(c). As the Tenth Circuit explained, because "[a] district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so," it "does not have inherent power to resentence defendants any time."[24] Section 3582(c) of Title 18 of the United States Code provides only three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons", (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure", or (3) in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[25] If a defendant's argument does not fit within one of these three limited avenues for relief under § 3582(c), the court is without jurisdiction to consider the request.[26]

None of the avenues set forth above applies to this case. The Court lacks the inherent authority to modify or resentence a defendant at any time for any reason other than those provided by statute and simply does not have the power to reduce Hamilton's sentence as requested.[27] Accordingly, Hamilton's motion must be dismissed for lack of jurisdiction.

---

[23]Because Defendant proceeds *pro se*, the Court must construe his pleading liberally and apply a less stringent standard than that which is applicable to attorneys. *United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007) (citing *Jones v. Cowley*, 28 F.3d 1067, 1069 (10th Cir. 1994)).

[24]*United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005) (quoting *United States v. Blackwell,* 81 F.3d 945, 947, 949 (10th Cir. 1996)).

[25]18 U.S.C. § 3582(c)(1)(A), (c)(1)(B), (c)(2).

[26]*United States v. Smartt,* 129 F.3d 539, 541 (10th Cir. 1997).

[27]*Blackwell*, 81 F.3d at 949.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Clive Anthony Hamilton's Motion for Sentencing Modification (Doc. 1094) is DISMISSED for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: October 18, 2019

 S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE