**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 02-40157-03-JAR |
| **CLIVE HAMILTON,** | |
| **Defendant.** | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Clive Hamilton's Motions for Compassionate Release as Supplemented (Docs. 1100, 1104) pursuant to 18 U.S.C. § 3582(c)(1)(A). Because Defendant has not met his burden of establishing that a sentence reduction is warranted under the statute, his first motion is denied. And because Defendant has not satisfied the exhaustion requirement for relief under that statute, his second motion is dismissed for lack of jurisdiction.

**I.    Background**

On November 9, 2005, Defendant was convicted by a jury of one count of conspiracy to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846.[1] This Court sentenced Defendant to 360 months' imprisonment, followed by five years of supervised release.[2]

---

[1] Doc. 482.
[2] Doc. 745.

The Tenth Circuit Court of Appeals affirmed Defendant's conviction and sentence.[3] This Court denied Defendant's motion to vacate sentence under 28 U.S.C. § 2255.[4] The Tenth Circuit Court of Appeals declined to grant a certificate of appealability and dismissed Defendant's appeal.[5] Defendant's sentence was subsequently reduced from 360 months to 292 months based on Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2).[6] Defendant's subsequent motion filed under § 2255 was dismissed as an unauthorized second or successive motion.[7] Defendant subsequently filed a motion to modify his sentence under § 3582(c), which the Court dismissed for lack of jurisdiction.[8]

On May 12, 2020, Defendant filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[9] Defendant specifically states that he does not rely on health issues, but instead is seeking release on grounds of purported errors in sentencing based on his challenge to the base offense level in his Presentence Investigation Report.[10] The government responded and conceded that Defendant had met the exhaustion requirement but argued that the Court did not have the authority to reduce his sentence based on the grounds asserted by Defendant.[11]

Defendant filed a second *pro se* motion seeking compassionate release on July 10, 2020, citing his underlying medical conditions of headaches, shortness of breath, body aches, post-traumatic stress disorder from witnessing the death of a fellow inmate from COVID-19, and loss

---

[3] *United States v. Hamilton*, 587 F.3d 1199 (10th Cir. 2009), *cert. denied*, 560 U.S. 978 (2010).

[4] Doc. 1028.

[5] *United States v. Hamilton*, 488 F. App'x 324 (10th Cir. 2012).

[6] Doc. 1080.

[7] Doc. 1093.

[8] Doc. 1099.

[9] Doc. 1100.

[10] *Id.* at 1–2.

[11] Doc. 1102.

2

of sleep.[12]  Defendant also reports that he tested positive for the COVID-19 virus on May 6, 2020.  On July 23, 2020, the Federal Public Defender ("FPD") entered an appearance on Defendant's behalf on this motion and, on September 9, 2020, supplemented Defendant's reply with medical records that confirmed his post-COVID-19 upper respiratory infection and prescriptions for an albuterol inhaler and amoxicillin.[13]  Defendant acknowledges that he will be deported to Jamaica if he is released, but requests nonetheless that his time be reduced to time served and to serve the remainder of his imprisonment in home confinement.

Defendant is housed at FCI Lompoc in California.  The Bureau of Prisons ("BOP") currently reports 686 inmates at that facility have tested positive for COVID-19, 933 inmates have been tested, and zero tests are pending.[14]  Defendant is a 47-year-old Black man, and his projected release date is September 3, 2024.

## II.     Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"[15]  Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply.  Until recently, these exceptions required the BOP to move on a defendant's behalf.  In 2018, however, the First Step Act modified the compassionate

---

[12] Docs. 1104, 1105, 1106.

[13] Docs. 1112, 1115.  The July 16, 2020 visit confirmed Defendant tested positive for COVID-19 on May 6, 2020; Defendant's chest x-ray was normal, and he was prescribed an albuterol inhaler for his cough and upper respiratory infection; and he was later prescribed an antibiotic.  The date of the last attached medical report is August 3, 2020, when Defendant was seen for a follow-up visit and was prescribed prednisone for his cough.

[14] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Dec. 17, 2020).

[15] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

release statute, permitting a defendant to bring his own motion for relief.[16]  But a defendant may bring a motion for compassionate release from custody only if he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[17]  Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[18]

Where a defendant has satisfied the exhaustion requirement, a court may reduce the defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction"; or (2)  "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[19]  In addition, a court must ensure that any reduction in a defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[20]

---

[16] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

[17] 18 U.S.C. § 3582(c)(1)(A).

[18] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116–17 (D. Kan. 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional); *cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[19] 18 U.S.C. § 3582(c)(1)(A).

[20] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13.  The comments to § 1B1.13 contemplate four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory or the defendant is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; (3) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner; and (4) other reasons as determined by the director of the BOP.[21]  A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[22]

### III.  Discussion

#### A.  First Motion

##### 1.  Exhaustion

Defendant sent a letter to the warden at FCI Lompoc requesting compassionate release based on purported errors in sentencing, which the warden subsequently denied in November

---

[21] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[22] *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary and compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

5

2019. [23]  The government does not dispute that Defendant has satisfied the applicable exhaustion requirement with respect to his first motion.  Thus, this Court has jurisdiction to decide Defendant's motion.

### 2. Extraordinary and Compelling Reasons

As explained above, under the relevant provision of § 3582(c)(1)(A)(i), a court may grant a sentence reduction only if it determines that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[24]  Although this Court has previously determined, in accordance with the weight of authority, it is not limited to circumstances set forth in U.S.S.G. § 1B1.13 cmt. n.1 (A)-(C) and may exercise its own discretion to determine whether other extraordinary and compelling reasons warrant relief under the statute,[25] it declines to exercise such discretion under the facts of this case.  Reconsideration by this Court of the drug quantity calculation in this case is not an "extraordinary and compelling" reason to grant Defendant release, especially considering the Tenth Circuit's denial of this very issue on direct appeal.[26]  Defendant's motion is denied.

### B. Second Motion

Defendant asserts that he has also satisfied the exhaustion requirement with respect to his second motion because he submitted a request to the warden of his facility, which the warden subsequently denied in November 2019, and that he filed the second motion in July 2020, after

---

[23] Doc. 1111-1.

[24] 18 U.S.C. § 3582(c)(1)(A)(i).

[25] *See United States v. Parada*, No. 03-40053-JAR-1, 2020 WL 4589781, at *3 n.29 (D. Kan. Aug. 10, 2020) (collecting cases).

[26] *United States v. Hamilton*, 587 F.3d 1199, 1219–22 (10th Cir. 2009), *cert. denied*, 560 U.S. 978 (2010).

more than thirty days had passed since the request.[27]  Defendant's request for compassionate release, however, was made long before the pandemic and thus, the warden would have had no reason to consider the COVID-19 pandemic and Defendant's medical condition in deciding whether to make a motion on Defendant's behalf.  "Indeed, the administrative procedure for submitting such a request requires that the request contain, at a minimum, '[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration.'" [28]

There is no evidence that Defendant submitted any additional requests for release after the first one was denied in November 2019, other than a request for medical attention on June 25, 2020.  Although Defendant initially proceeded *pro se*, the FPD does not address exhaustion in its supplemental reply nor dispute that Defendant has fallen short of demonstrating exhaustion.  Thus, unless and until Defendant presents the warden at FCI Lompoc with a request for compassionate release citing the reasons he submits to this Court as a basis for his release, he has failed to satisfy the exhaustion requirement and this Court does not have jurisdiction to decide Defendant's motion.[29]  Defendant's second motion is hereby dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's First Motion for Compassionate Release (Doc. 1100) is **denied**.

---

[27] Doc. 1111-1.

[28] *See United States v. Winston*, No. 06-20005-JWL, Doc. 99 at 2–3 (D. Kan. July 8, 2020) (citing 28 C.F.R. 21 § 571.61(a) and explaining, "[i]f the exhaustion requirement is to have any meaning, a defendant must at least cite the particular basis for relief in his request to the warden, so that the warden and the Bureau of Prisons may have a real opportunity to make a motion on the defendant's behalf").

[29] In so ruling, the Court clarifies that the facts of this case are distinguishable from cases where the COVID-19-related grounds identified in the request for compassionate release to the warden do not mirror the grounds upon which the defendant seeks compassionate release from the court.  As this Court previously determined, "a judicially created issue-exhaustion requirement is inappropriate" because the administrative process for compassionate release is inquisitive rather than adversarial.  *See United States v. Parada*, No. 5:03-40053-JAR-1, 2020 WL 4589781, at *4–5 (D. Kan. Aug. 10, 2020) (quoting *Sims v. United States*, 530 U.S. 103, 111 (2000)).  Here, the request made to and denied by the Warden in 2019 did not contemplate the pandemic-related relief Defendant sought approximately eight months later.

**IT IS FURTHER ORDERED** that Defendant's Second Motion for Compassionate Release (Doc.1104) is **dismissed without prejudice for lack of jurisdiction**.

**IT IS SO ORDERED.**

Dated: December 18, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
