# In the United States District Court
# for the District of Kansas

**United States of America**,
    *Plaintiff*,

v.                 Case No. 02-CR-40157-3-JAR

**Clive Hamilton,**
    *Defendant*.

## Order Reducing Term of Imprisonment to Time Served

This matter is before the Court on Defendant's <u>Unopposed Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) [D.E. 1117]</u> filed on September 28, 2021. The government does not oppose Defendant's request for compassionate release. Because the Defendant has met his burden of establishing that a sentence reduction is warranted under the statute, the motion is granted.

### I. Background

On November 9, 2005, Clive Hamilton was convicted by a jury of one count of conspiracy to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846.[1] This Court sentenced Defendant to 360 months' imprisonment, followed by five years of supervised release.[2]

The Tenth Circuit Court of Appeals affirmed Defendant's conviction and sentence.[3] This Court denied Defendant's motion to vacate sentence under 28

---

[1] Doc. 482.
[2] Doc. 745.
[3] *United States v. Hamilton*, 587 F.3d 1199 (10th Cir. 2009), cert. denied, 560 U.S. 978 (2010).

U.S.C. § 2255.[4] The Tenth Circuit Court of Appeals declined to grant a certificate of appealability and dismissed the Defendant's appeal.[5] The Defendant's sentence was subsequently reduced from 360 months to 292 months based on Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2).[6] The Defendant's subsequent motion filed under § 2255 was dismissed as an unauthorized second or successive motion.[7] The Defendant subsequently filed a motion to modify his sentence under § 3582(c), which the Court dismissed for lack of jurisdiction.[8]

On May 12, 2020, Mr. Hamilton filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[9] The Defendant asked the court to rely on the 18 U.S.C. § 3553(a) factors and the length of his sentence as bases for the reduction.[10] On May 18, 2020, the government sought dismissal of Mr. Hamilton's motion due to a failure to exhaust administrative remedies.[11] On June 8, 2020, the Defendant filed a reply documenting the effects of COVID-19 on his health, the worsening conditions at Federal Correctional Institution (FCI) Lompoc, the ongoing lawsuit against the facility and the death of fellow inmate, Mohamed Yusuf.[12]

---

[4] Doc. 1028.
[5] *United States v. Hamilton*, 488 F. App'x 324 (10th Cir. 2012).
[6] Doc. 1080.
[7] Doc. 1093.
[8] Doc. 1099.
[9] Doc. 1100.
[10] *Id*. at 1.
[11] Doc. 1102.
[12] Doc. 1103.

The Defendant filed a *pro se* emergency motion for compassionate release on July 10, 2020, and a memorandum in support of said motion.[13] In the emergency motion, Mr. Hamilton averred that compassionate release was warranted because of (1) Lompoc's negligent handling of the coronavirus and (2) the mental and physical health issues he suffered after contracting COVID-19 (PTSD, loss of sleep, headaches, shortness of breath, and body aches).[14] On July 16, 2020, he filed a supplement imploring the court for release.[15]

The Federal Public Defender ("FPD") entered an appearance on Mr. Hamilton's behalf on July 23, 2020.[16] The government filed a response in opposition to the emergency motion on July 31, 2020.[17] Mr. Hamilton filed a Reply on September 9, 2020.[18] On September 9, 2020, the FPD supplemented Mr. Hamilton's reply with medical records supporting his reported post-COVID-19 symptoms and treatments.[19]

On December 8, 2020, this court denied Mr. Hamilton's motion for reduction in sentence.[20] This Court found the first motion asking for a reconsideration of drug weight did not demonstrate extraordinary and compelling circumstances.[21] This

---

[13] Doc's. 1104, 1105.
[14] Doc. 1104.
[15] Doc. 1106.
[16] Doc. 1107.
[17] Doc. 1109.
[18] Doc. 1111.
[19] Doc's. 1112, 1115.
[20] Doc. 1116
[21] *Id*. at 6.

Court dismissed the Defendant's second motion for failure to exhaust his administrative remedies.[22]

## II. Legal Standards

The Tenth Circuit has explained that under § 3582(c)(1)(A), a court may grant a motion for a sentence reduction after a defendant has administratively exhausted his claim "if three requirements are met: (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable" to "determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."[23] Further, the Tenth Circuit ruled that the Sentencing Commission's current policy statement, USSG § 1B1.13, is not applicable to motions filed by defendants, and thus does not bind this Court to considering only the grounds listed in § 1B1.13.[24] The Tenth Circuit made clear that when a defendant files a motion, district courts "have the authority to determine for themselves what constitutes extraordinary and

---

[22] *Id.* at 7.
[23] *United States v. Maumau*, 2021 WL 1217855, at *7 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)); see also *United States v. McGee*, 2021 WL 1168980, at *5.
[24] *See McGee*, 2021 WL 1168980, at *12; *see also Maumau*, 2021 WL 1217855, at *11-12

4

compelling reasons" for a reduction under § 3582(c)(1)(A), without deference to the current inapplicable policy statement.[25]

### III. Discussion

#### A. Exhaustion

Mr. Hamilton has properly met the administrative exhaustion requirement here. On June 26 and July 27, 2021, he made requests to the warden for compassionate release citing the reasons he submits to this Court as a basis for release, namely his recent chronic kidney disease diagnosis and his lingering COVID-19 symptoms.[26] The record does not indicate whether Mr. Hamilton received a response from the warden, but 30 days have passed since this documented request. The government does not challenge the Defendant's assertion that he has fulfilled this requirement.

#### B. Extraordinary and Compelling Reasons

After contracting COVID-19 in custody at Federal Correctional Institution (FCI) Lompoc over a year ago, the Defendant has developed chronic kidney disease—a condition that makes him more likely to get ill or die from subsequent COVID-19 contractions. Additionally, he suffers from acute respiratory disorder, hypertension, and anxiety.[27] The Court also considers the conditions at FCI Lompoc to be an aggravating factor increasing the Defendant's risk of illness notwithstanding his vaccination status.

---

[25] *McGee*, 2021 WL 1168980, at *8; see *Maumau*, 2021 WL 1217855, at *10- 12.
[26] Doc. 1117-1.

[27] Doc. 1117-2.

5

The Court has considered the applicable factors set forth in 18 U.S.C. § 3582(c)(1)(A)(i) to modify 's term of imprisonment to time served.  The Defendant has 36 months remaining on a 292-month sentence. Extraordinary and compelling reasons exist here to warrant a sentence reduction of 36 months given Mr. Hamilton's medical conditions, the nature and severity of his sentence at FCI Lompoc during this global pandemic, and his continued risk of severe illness with COVID-19. For these reasons, the Court finds that the Defendant's term of imprisonment is reduced to time served. A sentence of time-served reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.

**IT IS THEREFORE ORDERED** that Defendant's <u>Unopposed Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) [D.E. 1117]</u> is **GRANTED**. The Court terminates the remaining term of defendant's imprisonment.

**IT IS FURTHER ORDERED** that there being a verified residence and an appropriate release plan in place, this Order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure Hamilton's safe release.  Hamilton shall be released as soon as appropriate travel arrangements have been made and it is safe for him to travel.  There shall be no delay in ensuring travel arrangements are made.  If more than fourteen days are needed to make appropriate travel arrangement and ensure Hamilton's safe release, then the parties shall immediately notify the Court and show cause why the stay should be extended.

**IT IS SO ORDERED.**

Dated: October 20, 2021

    S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE